

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00923-CV

Stephen Patrick **BLACK**,
Appellant

v.

Dr. Nicholas **EDD** and Penile Plethysmograph Clinician II,
Appellees

From the 274th Judicial District Court, Guadalupe County, Texas
Trial Court No. CC 23-1518-CV-B
Honorable Gary L. Steel, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed: January 24, 2024

DISMISSED

Appellant Stephen Patrick Black, proceeding *pro se*, challenges, *inter alia*, an order that granted appellee Dr. Nicholas Edd's motion to dismiss under section 14A.051 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14A.051. We construe one of Black's pre-submission motions as a motion for voluntary dismissal and dismiss his appeal.

## I. BACKGROUND

Since being civilly committed as a sexually violent predator, Black has filed a series of lawsuits against Dr. Nichols Edd in Lamb County, Texas, and recently, in Guadalupe County, Texas.

On December 3, 2020, Black filed an original petition against Dr. Edd in the Justice Court of Lamb County, Texas (the "Lamb County Lawsuit"). Generally, Black alleged that Dr. Edd negligently administered a December 2019 penile plethysmograph test ("PPG test"). Dr. Edd responded with a plea to the jurisdiction, and he argued that the justice court lacked jurisdiction over Black's lawsuit because jurisdiction was proper in the committing court — the 274th District Court of Guadalupe County, Texas. The justice court granted Dr. Edd's plea and dismissed, without prejudice, Black's claim. Black filed a *de novo* appeal in the Lamb County Court. Dr. Edd again filed a plea to the jurisdiction that repeated the grounds he had maintained in his previous plea. The county court granted Dr. Edd's plea, Black appealed, and our sister court affirmed. *Black v. Edd*, No. 07-21-00168-CV, 2022 WL 1750651, at *1 (Tex. App.—Amarillo Jul. 6, 2022, pet. denied). The Texas Supreme Court denied Black's petition for review, and on January 27, 2023, it denied Black's motion for rehearing. On March 13, 2023, the Seventh Court of Appeals issued its mandate.

On June 12, 2023, Black filed an original petition against Dr. Edd in the 274th District Court of Guadalupe County, Texas (the "Guadalupe County Lawsuit"). Black's June 12, 2023 petition, as does his December 3, 2020 petition, alleges that Dr. Edd negligently administered a December 2019 PPG test. Dr. Edd filed a motion to dismiss pursuant to section 14A.051 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14A.051. On September 28, 2023, the trial court signed an "Order Granting Defendant's Motion to Dismiss Pursuant to Tex. Civ. Prac. & Rem. Code § 14A.051A" (hereinafter the "trial court's dismissal

order"). The trial court's dismissal order directs Black to "pay all fees associated with his filing of this lawsuit pursuant to Tex. Civ. Prac. & Rem. Code 14A.054." Black has appealed from the trial court's dismissal order.

On December 12, 2023, we ordered Black to remit to the clerk of this court a payment in accordance with section 14A.054(b) of the Texas Civil Practice and Remedies Code on or before January 11, 2024. On December 21, 2023, Black filed a "motion to dismiss or consider CPRC Chapter 14A inapplicable." Black's motion contends that Chapter 14A of the Texas Civil Practice and Remedies Code is "not applicable to this case, as it is not retroactive." Specifically, Black argues that the claims in his June 12, 2023 original petition filed in the Guadalupe County Lawsuit are the same as those that are in a December 3, 2020 original petition that was filed in the Lamb County Lawsuit, that these identical claims were filed multiple times in different courts but each time they were "dismissed without prejudice" for failure to file in a court of proper jurisdiction, and that section 16.064 of the Texas Civil Practice and Remedies Code effectively tolls or abates the running of any limitations period. Under Black's reasoning, because section 14A.054(b) does not apply to his Guadalupe County Lawsuit, he is exempt from its provisions that grant us discretion to impose "court fees, court costs, and other costs." Black also asserts that, if section 14A.054(b) applies, "he will not be able to further prosecute this appeal due to the fact he does not have any funds available in [his] trust fund account."

## II. BLACK'S PRE-SUBMISSION MOTION

Black's attempt to escape application of section 14A.054 fails because, even if section 16.064(a) applies, it does not apply to the Guadalupe County Lawsuit. Moreover, the Guadalupe County Lawsuit was filed after section 14A.054(b) became effective. Section 16.064(a) provides:

> The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:

   (1)  because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and

   (2)  not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.064(a). The Seventh Court of Appeals issued its mandate on March 13, 2023. Accordingly, the latest date that the Lamb County Lawsuit arguably could have become "final" under section 16.064(a) was March 13, 2023. *See Sanders v. Boeing Co.*, No. 23-0388, 2023 WL 8285824, at *12 (Dec. 1, 2023) ("[I]f the appellate court affirms the dismissal [for lack of jurisdiction], or if the appellate court was the first to dismiss because of lack of jurisdiction, the dispute still exists until [the Texas Supreme Court] loses power to act on any timely filed petition for review."); *see also Freeport-McMoRan Oil & Gas LLC v. 1776 Energy Partners, LLC*, 672 S.W.3d 391, 398–99 (Tex. 2023) (observing that "a court of appeals' decision is not final until it issues a mandate" and explaining that Texas Supreme Court decisions become "final" when it issues a mandate). Black filed the Guadalupe County Lawsuit on June 12, 2023, eighty-three days after the latest date that the Lamb County Lawsuit arguably could have become final. Assuming without deciding that section 16.064(a) applies to the "action" Black has attempted to maintain in Lamb and Guadalupe counties, his filing of the Guadalupe County Lawsuit is beyond the sixty-day limit in section 16.064(a)(2). *Id*. Therefore, section 16.064(a) does not apply, and Black's Guadalupe County Lawsuit does not relate back to his Lamb County Lawsuit for limitations purposes.

The provisions in Chapter 14A of the Texas Civil Practice and Remedies Code that grant us discretion to impose "court fees, court costs, and other costs" became effective on May 24, 2023. *See* Act of May 24, 2023, 88th Leg., R.S., ch. 203 (codified at TEX. CIV. PRAC. & REM. CODE ANN. 14A.054). Black filed the Guadalupe County Lawsuit on June 12, 2023, nineteen days

after Section 14A.054 became effective. Therefore, section 14A.054 applies to the Guadalupe County Lawsuit.

## III. CONCLUSION

We gather from the title of Black's motion and its arguments that, if Black is unable to escape application of section 14A.054(b), then he seeks, as an alternative, voluntary dismissal. Accordingly, we dismiss Black's appeal.[1]

PER CURIAM

---

[1] Black's other pending motions are denied as moot.